FILED

2008 APR 24   2: 32

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Richard W. Osen, Esq. (SBN 042566)
Julie A. Raney, Esq. (SBN 176060)
Ann Taylor Schwing, Esq. (SBN 91914)
MCDONOUGH HOLLAND & ALLEN PC
555 Capitol Mall 9th Floor
Sacramento, CA 95814
Tel: (916) 444-3900
Fax: (916) 444-3249

Attorneys for Defendant

ADR

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHEL GELINAS,

    Plaintiff,

v.

THE BERGQUIST COMPANY,

    Defendant.

CASE NO.:

C08 02137 PVT

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 and in support thereof gives notice of the following facts:

**IDENTIFICATION AND CITIZENSHIP OF PARTIES**

1. At the time this action was commenced, and as of the date of this Notice of Removal, Michel Gelinas ("Gelinas") was and is a citizen in the State of California, County of Santa Clara.

2. At the time this action was commenced, and as of the date of this Notice of Removal, The Bergquist Company ("Bergquist") was and is a corporation duly organized under the laws of the State of Minnesota, with its principal place of business in Chanhassen, Minnesota.

3. At the time this action was commenced, Gelinas averred DOES 1-20 by fictitious names as defendants. Gelinas does not assert that any DOES are California citizens. Moreover,

pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious names, such as John Doe, will be disregarded for purposes of diversity of citizenship in removal actions.

### THE CIVIL ACTION

4. On or about March 27, 2008, Gelinas instituted a civil action against Bergquist in the Superior Court of the State of California Santa Clara County, Case No. 108CV109164. Bergquist first learned of the Complaint by fax service of a Summons and Complaint upon Bergquist on April 3, 2008. A copy of the Summons and Complaint in that matter are attached as **Exhibit A**.

5. The Summons and Complaint, accompanied by the state court's Civil Lawsuit Notice and Alternative Dispute Resolution Information Sheet which are attached as **Exhibit B**, are the only process and pleadings that have been served upon Bergquist by Gelinas.

### JURISDICTION AND REMOVAL

6. Based upon the facts alleged in paragraphs 1 through 3 of this Notice of Removal, there is complete diversity of citizenship between Gelinas and Bergquist.

7. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. After Gelinas terminated his employment with Bergquist, and in direct violation of his noncompete agreement, he has commenced and persisted to engage in activities violative of his agreement. Bergquist has already suffered resulting damages in excess of $75,000.00, exclusive of interests and costs and will continue to suffer more losses if Gelinas does not desist his dealings. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Accordingly, removal of this action is proper pursuant to 28 U.S.C. § 1441, because this is a civil action brought in state court over which this Federal District Court would have original jurisdiction pursuant to 28 U.S.C. § 1332(a).

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of the first receipt by Bergquist of the Summons and Complaint in the California state court proceeding.

9. Bergquist will promptly give written notice of the filing of this Notice of Removal to Gelinas, through his counsel, and will file a copy of this Notice of Removal with the clerk of the



Case 5:08-cv-02137-RMW   Document 1   Filed 04/24/2008   Page 3 of 18

1 | Superior Court of the State of California for the County of Santa Clara.

2 |     10.    Based on the foregoing, Bergquist hereby removes the above-entitled action from the

3 | Superior Court of the State of California for the County of Santa Clara to the United States District

4 | Court for the Northern District of California, San Jose Division.

5 | DATED: April 24, 2008

6 |                                               By: _____

7 |                                                     Richard W. Osen
                                                    Julie A. Raney

8 | Bruce J. Douglas, Esq.                             Richard W. Osen, Esq. (SBN 042566)
   Willow J. Najjar, Esq.                            Julie A. Raney, Esq. (SBN 176060)
9 | LARKIN HOFFMAN DALY & LINDGREN, LTD.    McDONOUGH HOLLAND & ALLEN PC
   7900 Xerxes Avenue South, # 1500         555 Capitol Mall, 9th Floor
10 | Minneapolis, MC 55431-1194              Sacramento, CA 95814
   t: (952) 835.3800                                  t: (916) 444.3900
11 | f: (952) 896.3333                                  f: (916) 444.3249
   (to be admitted pro hac vice)

12 |                                                      ATTORNEYS FOR
                                                     THE BERGQUIST COMPANY

14 | **BY FAX**

3

Notice of Filing of Removal to Federal Court                  1091872v1 29501/0004

**EXHIBIT A**

Lisa M. Chapman (SBN #118113)
NIXON PEABODY LLP
200 Page Mill Road, Second Floor
Palo Alto, CA 94306-2022
Telephone: (650) 320-7700
Fax: (650) 320-7701

Attorney for Plaintiff
MICHEL GELINAS

ENDORSED

2008 MAR 27 P 3:32
A. Ilas
[Clerk stamp]

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

MICHEL GELINAS, an individual,

    Plaintiff,

vs.

THE BERGQUIST COMPANY, a Minnesota corporation, and DOES 1 – 20, inclusive,

    Defendants.

Case No.: 108CV109164

COMPLAINT FOR DECLARATORY RELIEF

BY FAX

Plaintiff, Michel Gelinas (hereinafter "GELINAS" or "Plaintiff"), for his complaint against Defendant the Bergquist Company (hereinafter, "BERGQUIST" or Defendant), alleges and states as follows:

### NATURE OF ACTION

1. This is an action by GELINAS, a former employee of BERGQUIST, whereby GELINAS seeks a determination and declaration of his rights, duties and obligations, if any, in connection with the Non-compete, Non-Solicitation and Confidentiality Agreement (hereinafter the "NON-COMPETE AGREEMENT") signed by GELINAS on or about April 27, 2004 and the Separation Agreement and General Release (hereinafter the "SEPARATION AGREEMENT") entered into between GELINAS and BERGQUIST on or about October 23, 2007.

COMPLAINT FOR DECLARATORY RELIEF
10942549.2

## PARTIES, JURISDICTION AND VENUE

2. GELINAS is an individual residing in the State of California, County of Santa Clara.

3. Plaintiff is informed and believes and thereon alleges that BERGQUIST is a Minnesota corporation with its principal place of business in Chanhassen, Minnesota. BERGQUIST is a developer, manufacturer and distributor of thermal products, membrane switches, electronic components and touch screens.

4. Plaintiff does not know the true names and capacities whether individual, corporate, partnership or otherwise, of DOES 1 – 20, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff is informed and believes, and thereon alleges that such Defendants are, in some manner, persons or entities related to BERGQUIST and are responsible for the matters alleged herein and/or are interested in the matters which are the subject of this complaint, and therefore should be made parties to this action. When the true names and capacities of DOES 1 – 20 are ascertained, this complaint will be amended accordingly.

5. Plaintiff is informed and believes, and on that basis alleges, that all relevant times each of the Defendants (including the fictitiously named DOE Defendants), were the alter ego, agent, servant, employee or principal of each of the other Defendants, and in doing the acts alleged were acting within the course and scope of their agency or employment with the knowledge and consent of each Defendant.

6. Jurisdiction is proper in California because Defendant sold goods that were purchased by consumers in California and employed sales personnel that resided in California and performed employment related duties in California and Defendant's relationship to the state is such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

7. Venue is proper in Santa Clara County Superior Court because (a) GELINAS resides in Santa Clara County, and (b) the employment related services provided by GELINAS pursuant to the terms of the employment agreement entered into between the parties were predominately provided by GELINAS in Santa Clara County.

///

## THE AGREEMENTS

8. On or about April 12, 2004, BERGQUIST, by and through its agent, verbally offered GELINAS a Regional Sales Manager position whereby he would be responsible for BERGQUIST'S Northern California, Oregon, Washington and Canada sales territory. BERGQUIST subsequently confirmed that verbal offer by a written employment agreement (hereinafter the "EMPLOYMENT AGREEMENT") dated April 12, 2004 and delivered to GELINAS in Gilroy, California. (A true and correct copy of the EMPLOYMENT AGREEMENT is attached hereto as Exhibit A, and incorporated herein by this reference.) The EMPLOYMENT AGREEMENT obligated GELINAS to provide employment related services to BERGQUIST, in exchange for which BERGQUIST would compensate GELINAS by paying him a salary of One Hundred and Fifteen Thousand Dollars ($115,000.00) per year, bonuses pursuant to the terms of BERGQUIST'S sales incentive plans (including its "RSM NA Sales Incentive Compensation" plan) and benefits. GELINAS' duties as a Regional Sales Manager included coordinating and managing the sales activities of BERGQUIST in its Northern California, Oregon, Washington and Canada sales territory. None of the employment related services required to be provided by GELINAS were to be performed in Minnesota, and all were to be performed and were actually performed in California and the other areas of the subject sales territory.

9. On or about April 27, 2004, GELINAS commenced his employment with BERGQUIST by attending a mandatory new employee orientation at BERGQUIST'S corporate office in Minneapolis, Minnesota. At that orientation BERGQUIST demanded, without any prior notification to GELINAS, that GELINAS execute the NON-COMPETE AGREEMENT. Prior thereto BERGQUIST had not informed GELINAS that his employment with BERGQUIST was conditioned on his execution of the NON-COMPETE AGREEMENT. BERGQUIST did not provide GELINAS with anything in exchange for his execution of the NON-COMPETE AGREEMENT. Under duress and fearing that his employment would be terminated if he refused BERGQUIST'S demand, GELINAS executed the NON-COMPETE AGREEMENT. (A true and correct copy of the NON-COMPETE AGREEMENT is attached hereto as Exhibit B, and incorporated herein by this reference.)

-3-

10. Under the NON-COMPETE AGREEMENT GELINAS is prohibited, for a period of twelve (12) months after termination of his employment, from competing with BERGQUIST in any manner or soliciting BERGQUIST'S employees. The NON-COMPETE AGREEMENT states in pertinent part as follows:

> "3. Non-competition. During employment and for twelve (12) months after terminating employment with the Company regardless of the reason, the Employee shall not, directly or indirectly, on behalf of Employee or any other person or entity, provide services for products that compete with any product or service provided by the Company or which was in development during the Employee's employment"..."

> And

> "5. Non-solicitation of customers. The Employee agrees not to compete with the Company by doing business with or seeking orders from any customer of the Company for 12 months after termination of the employment relationship. The Employee agrees that soliciting customers will cause the Company irreparable harm."

11. The NON-COMPETE AGREEMENT further provides that it is to be interpreted and enforced in accordance with the laws of the State of Minnesota. The NON-COMPETE AGREEMENT does not include an arbitration provision.

12. GELINAS performed all of the duties required to be performed by him pursuant to the terms of the EMPLOYMENT AGREEMENT. GELINAS performed all such duties either at his Santa Clara office or in BERGQUIST'S Northern California, Oregon, Washington and Canada sales territory.

13. As of October 23, 2007, GELINAS was entitled to a bonus pursuant to BERGQUIST'S "RSM NA Sales Incentive Compensation" plan.

14. On or about October 23, 2007, BERGQUIST terminated GELINAS' employment without cause. On that same day BERGQUIST provided him with a copy of a Separation Agreement and General Release (hereinafter "SEPARATION AGREEMENT") and demanded that he execute it

-4-

within forty-five (45) days. (A true and correct copy of the SEPARATION AGREEMENT is attached hereto, designated Exhibit "C" and incorporated herein by this reference.) The SEPARATION AGREEMENT does not contain a choice of law provision. The SEPARATION AGREEMENT includes in paragraph 6 an arbitration provision that obligates BERGQUIST and GELINAS to resolve any dispute through binding arbitration in Minneapolis, Minnesota, and, among other things, obligates each to pay for one half of the arbitrator's fees. The only consideration set forth in the Separation Agreement was payment of the RSM NA Sales Incentive which was already owed. Fearful that if he did not execute the agreement BERGQUIST would refuse to pay him the outstanding bonus payment that he was owed by BERGQUIST, GELINAS executed the SEPARATION AGREEMENT.

15. On or about December 5, 2007, GELINAS accepted a Director of Sales – Western Region position with Laird Technologies, Inc. (hereinafter "LAIRD"). LAIRD is a Delaware corporation with its principal place of business in Chesterfield, Missouri. This position obligates GELINAS to manage and coordinate the sales activities of LAIRD in its western sales territory. LAIRD'S western territory is comprised of the United States (west of the Mississippi River only) and Mexico. Since joining LAIRD in December of 2007, GELINAS has spent approximately ninety percent (90%) of his time devoted to the sales activities of LAIRD in areas that are located outside of BERGQUIST'S Northern California, Oregon, Washington and Canada sales territory and only fifteen to twenty percent (15-20%) of LAIRD'S business is comparable to BERGQUIST'S.

16. On or about February 5, 2008, BERGQUIST sent GELINAS a letter informing him of its intent to enforce the terms of the NON-COMPETE AGREEMENT in an arbitration proceeding in Minneapolis, Minnesota, and asserting that his actions on behalf of Laird were prohibited by the terms of the NON-COMPETE AGREEMENT.

### FIRST CAUSE OF ACTION

(Declaratory Relief Regarding the NON-COMPETE AGREEMENT

Against All Defendants)

17. GELINAS incorporates herein by reference each and every allegation contained in paragraphs 1 – 16 above.

-5-

COMPLAINT FOR DECLARATORY RELIEF

10942549.2

18. An actual controversy has arisen and now exists between GELINAS and Defendants concerning their respective rights and obligations under the NON-COMPETE AGREEMENT.

19. GELINAS contends that the NON-COMPETE AGREEMENT is void and unenforceable because it restricts GELINAS' right to work for a competing business, and in doing so violates California Business & Professions Code § 16600, et seq. This statute provides that covenants not to compete which restrict the rights of employees to work wherever they choose are unenforceable. Under this statute and California law, covenants which contain improper restrictions relating to an employee's right to work violate the public policy of the State of California and are unenforceable.

20. GELINAS further contends that because he did not receive anything from BERGQUIST in exchange for his execution of the NON-COMPETE AGREEMENT, it is not supported by adequate consideration and is therefore unenforceable.

21. GELINAS further contends that the choice of law provision in paragraph 14 of the NON-COMPETE AGREEMENT which provides that its terms should be interpreted in accordance with the laws of Minnesota is unenforceable. The NON-COMPETE AGREEMENT contains an illegal covenant not to compete and thereby violates the public policy of the State of California. The choice of law provision therein is also unenforceable and California law must be applied in any dispute arising out of the NON-COMPETE AGREEMENT.

## SECOND CAUSE OF ACTION

(Declaratory Relief Regarding the SEPARATION AGREEMENT

Against All Defendants)

22. GELINAS incorporates herein by reference each an every allegation contained in paragraphs 1 - 21 above.

23. An actual controversy has arisen and now exists between GELINAS and Defendants concerning their respective rights and obligations under the SEPARATION AGREEMENT.

-6-

COMPLAINT FOR DECLARATORY RELIEF

10942549.2

24. GELINAS contends that because he did not receive anything from BERGQUIST in exchange for his execution of the SEPARATION AGREEMENT, it is not supported by adequate consideration and is therefore unenforceable.

25. GELINAS further contends that California law should be applied in any dispute arising out of the SEPARATION AGREEMENT. California has a public policy of regulating the relationships between employers and California based employees. Because the SEPARATION AGREEMENT relates to the employer-employee relationship between BERGQUIST and GELINAS, and because the SEPARATION AGREEMENT does not contain a choice of law provision, California law should be applied.

26. GELINAS further contends that adjudication of the enforceability of the NON-COMPETE AGREEMENT or issuance of any judgment relating to the NON-COMPETE AGREEMENT may not be determined in arbitration. The NON-COMPETE AGREEMENT does not include an arbitration provision. The SEPARATION AGREEMENT does not integrate the NON-COMPETE AGREEMENT, and therefore the arbitration provision of the SEPARATION AGREEMENT is not binding on any dispute arising out of the NON-COMPETE AGREEMENT.

27. GELINAS further contends that even if the arbitration provision in paragraph 6 of the SEPARATION AGREEMENT, which provides that any dispute arising out of the SEPARATION AGREEMENT is subject to binding arbitration, applied to the NON-COMPETE AGREEMENT, it is also unenforceable. Under California law, arbitration provisions that are procedurally or substantively unconscionable are unenforceable. The arbitration provision in the SEPARATION AGREEMENT is both procedurally and substantively unconscionable, because, among other reasons, it obligates GELINAS to pay for one half of the arbitrator's fees and for the arbitration to be held in Minneapolis, Minnesota. As such it is unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michel Gelinas, prays this Court for declaratory judgment against Defendant, the Bergquist Company, and all identified DOE Defendants as follows:

1. For a judicial declaration regarding the rights and other legal relationships between the Plaintiff and Defendants as to the NON-COMPETE AGREEMENT;

-7-

2. For a judicial declaration that the NON-COMPETE AGREEMENT is unenforceable by Defendants due to lack of adequate consideration;

3. For a judicial declaration that the NON-COMPETE AGREEMENT is void under Cal. Bus. & Prof. Code § 16600, et seq. and Defendants are, therefore, barred from enforcing it against Plaintiff;

4. For a judicial declaration that the NON-COMPETE AGREEMENT is unenforceable by Defendants due to lack of consideration;

5. For a judicial declaration that the choice of law provision in the NON-COMPETE AGREEMENT is void and that California law should govern any dispute arising out of the NON-COMPETE AGREEMENT;

6. For an Order prohibiting Defendants from enforcing the NON-COMPETE AGREEMENT;

7. For a judicial declaration regarding the rights and other legal relationships between the Plaintiff and Defendants as to the SEPARATION AGREEMENT;

8. For a judicial declaration that the SEPARATION AGREEMENT is unenforceable by Defendants due to lack of adequate consideration;

9. For a judicial declaration that the arbitration provision in the SEPARATION AGREEMENT is void because it violates California law and is unenforceable;

10. For a judicial declaration that California law should be applied in any dispute arising out of the SEPARATION AGREEMENT;

11. For a judicial declaration that if an arbitration is conducted pursuant to the terms of the SEPARATION AGREEMENT, such arbitration may not involve consideration of the enforceability of the NON-COMPETE AGREEMENT or issuance of any judgment or ruling regarding the NON-COMPETE AGREEMENT;

12. For an Order prohibiting Defendants from enforcing the SEPARATION AGREEMENT;

13. For the costs of this action; and,

14. For such other and further relief as this Court seems just and equitable.

DATED: March 18, 2008

Respectfully submitted,

NIXON PEABODY LLP

By: *[signature]*
Lisa M. Chapman
Attorneys for Plaintiff
MICHEL GELINAS

**EXHIBIT B**

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: 108CV109164   ATTACHMENT CV-5012

**READ THIS ENTIRE FORM**

PLAINTIFFS (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

DEFENDANTS (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

RULES AND FORMS: You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1loc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

CASE MANAGEMENT CONFERENCE (CMC): You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

| | |
|---|---|
| Your Case Management Judge is: **Kevin J Murphy** | Department: **22** |

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **AUG 19 2008**   Time: **3:00 PM**   in Department **22**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____   Time: _____   in Department _____

---

ALTERNATIVE DISPUTE RESOLUTION (ADR): If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

WARNING: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

CIVIL LAWSUIT NOTICE

Page 1 of 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

- Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

  Arbitration may be appropriate when:
  - The action is for personal injury, property damage, or breach of contract
  - Only monetary damages are sought
  - Witness testimony, under oath, is desired
  - An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

- Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

  Neutral evaluation may be appropriate when:
  - The parties are far apart in their view of the law or value of the case
  - The case involves a technical issue in which the evaluator has expertise
  - Case planning assistance would be helpful and would save legal fees and costs
  - The parties are interested in an injunction, consent decree, or other form of equitable relief

- Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

  Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

- Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

  Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---
ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE BERGQUIST COMPANY, a Minnesota corporation,
and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHEL GELINAS, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
2008 MAR 27  P 3: 32
A. Ilas

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
191 North First Street
San Jose, California 94306-2022

CASE NUMBER:
*(Número del Caso):*
108CV109164

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lisa M. Chapman (SBN 118113)    Tel: (650) 320-7700    Fax: (650) 320-7701
NIXON PEABODY LLP
200 Page Mill Road, Second Floor
Palo Alto, CA 94306-2022

DATE: March 26, 2008          Clerk, by  A. Ilas          , Deputy
*(Fecha)* MAR 27 2008          *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

JS44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Michel Gelinas

**DEFENDANTS**
The Bergquist Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

C08 02137 PVT
ADR
E-FILING

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Lisa M. Chapman
Nixon Peabody LLP
200 Page Mill Road, Second Floor,
Palo Alto, California 94306-2002
(650) 320-7701

**ATTORNEYS (IF KNOWN)**
Richard W. Osen and Julie A. Raney, Esq.
McDonough, Holland & Allen, PC
555 Capitol Mall 9th Floor
Sacramento, California 95814  (916) 444-3900

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 Amer w/ disab - Empl
- [ ] 446 Amer w/ disab - Other

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1332(a), 1441(a), 1446,  . Removal of declaratory relief action over $75,000 in controversy

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $0.00    CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND    [x] SAN JOSE

DATE: April, 24 2008

SIGNATURE OF ATTORNEY OF RECORD
Richard W. Osen
/s/ Richard W. Osen

1091486v1 36989/0001

**BY FAX**