1  Richard Osen (SBN 042566)
   Ann Taylor Schwing (SBN 91914)
2  Julie A. Raney, Esq. (SBN 176060)
   McDONOUGH HOLLAND & ALLEN PC
3  Attorneys at Law
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8334

6  Attorneys for Defendant

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 MICHEL GELINAS,                )   NO. 08-CV-02137 (PVT)
                                  )
12              Plaintiff,        )
                                  )   **ANSWER TO COMPLAINT FOR**
13      v.                        )   **DECLARATORY RELIEF**
                                  )
14 THE BERGQUIST COMPANY,         )
                                  )
15              Defendant.        )

16

17      COMES NOW Defendant The Bergquist Company, for its Answer to the Complaint for

18 Declaratory Relief (the "Complaint") herein states and alleges as follows:

19                          **PRELIMINARY STATEMENT**

20      This is an action preemptively filed by the Plaintiff in an improper, classic "race to the

21 Courthouse" to avoid his written agreement to arbitrate his claims in Minnesota. However, a

22 previously filed action seeking to enforce the parties' agreement to arbitrate is pending in the U.S.

23 District Court for the District of Minnesota, Case No. 08-CV-569 (DWF/AJB), filed February 28,

24 2008. Based on the first filed rule and the parties' binding arbitration provision, the case should be

25 dismissed or transferred to the District of Minnesota so that the dispute may be resolved in

26 arbitration pursuant to the parties' agreement.

27                       **RESPONSE TO COMPLAINT ALLEGATIONS**

28      1.      This paragraph of the Complaint is introductory in nature and does not appear to

require a response. However, Defendant states that paragraph 1 of the Complaint is an accurate statement of the factual background of the case. Accordingly, Defendant admits the allegations set out in paragraph 1 of the Complaint.

2. Defendant admits the allegations set out in paragraph 2 of the Complaint but states that they are legally irrelevant.

3. Defendant admits the allegations set out in paragraph 3 of the Complaint.

4. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations set out in paragraph 4 and accordingly denies the allegations set out in paragraph 4 of the Complaint.

5. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations set out in paragraph 5 and accordingly denies the allegations set out in paragraph 5 of the Complaint.

6. Defendant denies the allegations set out in paragraph 6 of the Complaint and puts Plaintiff to the strict proof thereof.

7. Defendant denies the allegations set out in paragraph 7 of the Complaint, except that Plaintiff resides in Santa Clara County, and puts Plaintiff to the strict proof thereof.

8. Defendant admits the allegations set out in the first two sentences of paragraph 8 of the Complaint. Defendant denies the remaining allegations of said paragraph 8. Defendant further alleges that Exhibit A was not attached to the copy of the Complaint received by Defendant.

9. Defendant denies the allegations set out in paragraph 9 of the Complaint, except that on or about April 27, 2004, Plaintiff commenced his employment with Defendant by attending a mandatory new employee orientation at Defendant's corporate office in Minneapolis, Minnesota, and Defendant alleges that Exhibit B was not attached to the copy of the Complaint received by Defendant.

10. Defendant, respectfully, refers the Court to the referenced document for its terms, but admits the allegations set out in paragraph 10 of the Complaint. Moreover, Defendant further alleges that these terms are customary and standard in the industry.

11. Defendant, respectfully, refers the Court to the referenced document, but admits the

allegations set out in paragraph 11 of the Complaint. Moreover, Defendant alleges that the Separation Agreement does contain arbitration provisions that control this dispute.

12. Defendant denies the allegations set out in paragraph 12.

13. Defendant denies the allegations set out in paragraph 13 of the Complaint. Further, a determination of this issue is for the arbitrator to be selected by the parties in accordance with their agreement.

14. Defendant denies the allegations set out in paragraph 14 of the Complaint, except that on or about October 23, 2007, Plaintiff's employment was terminated and he was offered a Separation Agreement, which he accepted and signed voluntarily, that requires the parties to resolve any dispute through binding arbitration in Minneapolis, Minnesota. Defendant, respectfully, refers the Court to the referenced documents for their terms and denies the remaining allegations of paragraph 14. Defendant alleges that Exhibit C was not attached to the copy of the Complaint received by Defendant.

15. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations set out in paragraph 15, denies the same and puts Plaintiff to the strict proof thereof.

16. Defendant admits the allegations set out in paragraph 16 of the Complaint.

## FIRST CAUSE OF ACTION

17. The allegations in paragraph 17 requires no response on the part of this answering Defendant, but to the extent that a response is required, Defendant repeats its responses set out in paragraphs 1 through 16 herein.

18. Defendant admits the allegations set out in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff apparently so contends, but Defendant denies the allegations set out in paragraph 19 of the Complaint, and asserts that the agreements between the parties provide that the governing law shall be the laws of the State of Minnesota, and that this dispute shall be resolved in arbitration in Minneapolis, Minnesota.

20. Defendant admits that Plaintiff apparently so contends, but Defendant denies the allegations set out in paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff apparently so contends, but Defendant denies the

allegations set out in paragraph 21 of the Complaint.

## SECOND CAUSE OF ACTION

22. The allegations in paragraph 22 requires no response on the part of this answering Defendant, but to the extent that a response is required, Defendant repeats its responses set out in paragraphs 1 through 21 herein.

23. Defendant admits the allegations set out in paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff apparently so contends, but Defendant denies the allegations set out in paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff apparently so contends, but Defendant denies the allegations set out in paragraph 25 of the Complaint and puts Plaintiff to the strict proof thereof.

26. Defendant admits that Plaintiff apparently so contends, but Defendant denies the allegations set out in paragraph 26 of the Complaint, and asserts that the agreements between the parties provide that the governing law shall be the laws of the State of Minnesota, and that this dispute shall be resolved in arbitration in Minneapolis, Minnesota.

27. Defendant admits that Plaintiff apparently so contends, but Defendant denies the allegations set out in paragraph 27 of the Complaint.

28. Except to the extent answered, qualified or otherwise responded to herein, Defendant denies each and every matter, allegation, and thing in the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief can be granted.

2. This action should be dismissed or transferred because there is a previously filed action between the same parties concerning the same subject matter pending in the U.S. District Court for the District of Minnesota, Case No. 08-CV-569 (DWF/AJB).

3. This action should be dismissed because the claims asserted herein are within the scope of the arbitration provision of the agreements between the parties.

4. Plaintiff's claims are preempted by Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2.

5. Venue in this judicial district is improper and is contrary to the provisions of the

choice of forum provision contained in the Contract upon which Plaintiff based his claims in this action.

6. Plaintiff's Complaint fails for insufficiency of process and/or insufficiency of service of process.

7. Plaintiff's claims are barred by the doctrines of waiver, estoppel. and/or unclean hands.

8. Plaintiff's claims are barred by their failure to exhaust administrative and/or contractual remedies.

9. Plaintiff is barred from any recovery against Defendant by reason of the doctrine of laches and undue delay in giving notice to Defendant.

10. No relief may be obtained under the complaint by reason of the Plaintiff's failure to do equity in the matters alleged in the complaint.

11. Prior to any acts of the Defendant complained of in the complaint, Plaintiff had breached the agreements and obligations upon which Plaintiff seeks damages. Plaintiff's breaches thus excused any obligation to perform that might be said to be resting on the Defendant. Plaintiff's breaches occurred when the Defendant was performing as the parties had expressly agreed, and the breach constituted a breach of Plaintiff's obligations in violation of contract and of the inherent covenant of good faith and fair dealing.

///

///

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the complaint;

2. That the complaint be dismissed or transferred to the United States District Court for the District of Minnesota;

3. That the Court issue a declaratory judgment holding that all disputes between Plaintiff and Defendant are subject to the arbitration agreement of the parties;

4. That Defendant receive an award of reasonable attorneys' fees;

5. That Defendant receive an award of costs of suit herein; and

6. That Defendant receive an award of such other and further relief as the Court deems proper.

DATED: May 1, 2008

                                          McDONOUGH HOLLAND & ALLEN PC
                                          Attorneys at Law

By:   /s/ Richard W. Osen
       Richard Osen (SBN 042566)
       Ann Taylor Schwing (SBN 91914)
       Julie A. Raney, Esq. (SBN 176060)

Attorneys for Defendant
The Bergquist Company