Lisa M. Chapman (SBN #118113)
NIXON PEABODY LLP
200 Page Mill Road, Second Floor
Palo Alto, CA 94306-2022
Telephone: (650) 320-7700
Fax: (650) 320-7701

Attorney for Plaintiff
MICHEL GELINAS

FILED

2008 MAY 27 P 3:48

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL GELINAS, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE BERGQUIST COMPANY, a Minnesota corporation, and DOES 1 – 20, inclusive,<br><br>    Defendants. | Case No.: C-08-02137 PVT<br><br>**MOTION TO REMAND TO STATE COURT**<br><br>**BY FAX** |

I.  **INTRODUCTION**

This is an employment dispute arising out of a Minnesota employer's attempt to enforce a non-compete agreement against a California resident and former California-based employee that violates the prohibition against non-compete agreements set forth in California Business & Professions Code § 16600. After terminating plaintiff, defendant, a Minnesota corporation, sent a written demand to plaintiff demanding that he honor a non-compete agreement. Plaintiff refused, and brought this action for declaratory relief in the State Court of California seeking a judicial declaration that the non-compete agreement and a separation agreement are unenforceable under California law. Defendant thereafter removed the matter to the U.S. District Court, Northern District of California.

The federal Declaratory Judgment Act bars removal where, as is the case here, it needlessly results in a federal court determination of state law, encourages forum shopping and will result in duplicative litigation. Moreover, even if removal is not found improper under the Declaratory Judgment Act, it is unjustified because defendant has failed to satisfy its burden of showing that the Complaint meets the jurisdictional threshold minimum required under diversity jurisdiction. For the reasons set forth below, plaintiff requests that this motion be granted in its entirety.

II.   **SUMMARY OF THE FACTS**

Plaintiff Michel Gelinas is a resident of Gilroy, California, and a former regional sales manager for defendant the Bergquist Company, a Minnesota corporation. (Complaint, ¶ 8). During his employment with defendant, plaintiff's employment-related duties were performed primarily in California. (Complaint, ¶ 8). Prior to starting that position, plaintiff signed an employment agreement that was drafted by defendant. (Complaint, ¶¶ 8 – 9).

On April 27, 2004, plaintiff began his employment with defendant. (Complaint, ¶ 8 – 9).

During his new employee orientation with defendant, plaintiff was presented by defendant with a non-compete agreement, and advised that as a condition of his continued employment, he was obligated to sign the agreement. (Complaint ¶ 9). Prior to accepting employment with defendant and quitting his existing job, plaintiff had never been informed that his employment with defendant was conditioned on signing a non-compete agreement. (Complaint, ¶ 9). The non-compete agreement contains a provision that prohibits plaintiff from working for a competing business for a period of one year after his employment with defendant concludes. The non-compete agreement does not contain an arbitration clause. Under duress plaintiff signed that agreement. (Complaint, ¶¶ 9 - 11).

On October 23, 2007 defendant involuntarily terminated plaintiff's employment. (Complaint, ¶ 11). On that same day defendant demanded that plaintiff sign a separation agreement; however, defendant did not give plaintiff anything in exchange for his execution of that agreement.

(Complaint, ¶14). The separation agreement includes, among other things, an arbitration clause which requires that each party share the costs and fees of the arbitrator. (Complaint, ¶ 27). The separation agreement does not contain a choice of law provision. (Complaint, ¶ 25). Again under duress and assuming that he was required to sign the separation agreement in order to receive what he was due under the employment agreement, plaintiff signed the separation agreement. (Complaint, ¶14).

Shortly after being terminated by defendant, plaintiff accepted employment with Laird, Technologies ("Laird"), a competitor of defendant. On February 5, 2008 defendant sent plaintiff a letter informing him that it intended to enforce the non-compete agreement in an arbitration proceeding in Minnesota. (Complaint ¶ 16).

On March 27, 2008, plaintiff filed a Complaint for Declaratory Relief in the Superior Court of the State of California, County of Santa Clara, alleging two causes of action for Declaratory Relief. The Complaint seeks a judicial determination about the rights of plaintiff and defendant with respect to the non-compete agreement and the separation agreement. (Complaint ¶¶17 – 27). With respect to the non-compete agreement, the Complaint seeks an order finding that the non-compete agreement is unenforceable for the following reasons: 1) it impermissibly restricts plaintiff's right to work for a competing business, and is therefore in violation of California Business and Professions Code § 16600; (2) there is insufficient consideration to support the agreement, and (3) the choice of law provision is unenforceable because the public policy of the State of California provides that its laws govern the rights of employees in California. (Complaint ¶¶17 – 21). The Complaint also seeks an order finding that the separation agreement is unenforceable for the following reasons: 1) it is not supported by adequate consideration, 2) California law should be applied in any dispute arising out of the separation agreement, and, 3) any dispute arising out of the separation agreement should not be

subject to binding arbitration. (Complaint, ¶¶ 22 – 27). Plaintiff's complaint does not seek monetary damages or seek injunctive relief.

Defendant has not filed a counter claim for either monetary damages or injunctive relief.

On April 24, 2008 defendant filed a Notice of Removal pursuant to 28 U.S.C. 1441(a) and 1446 to this court on the ground of diversity jurisdiction. (Notice of Removal of Action).

III.   **SUMMARY OF THE LAW**

**A. Removal is Barred by the Declaratory Judgment Act**

Removal statutes are construed restrictively, and doubts about removability are resolved in favor of remanding a case to state court. *Director RLA v. Cape Cod Biolab Corp.*, WL 1563710, 2 (N.D. California 2001). On a motion to remand a removing defendant faces a strong presumption against removal and bears the burden of establishing by a preponderance of the evidence that removal was proper. *Director RLA* at 2.

The Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*, 28 U.S.C. § 2201(a) sets forth standards and procedures which govern declaratory relief actions in federal courts, and provides in pertinent part at such section:

> "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

However, before declaratory relief can be granted, federal subject matter jurisdiction requirements must be satisfied. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-1223 (9th Cir. 1998) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). This requires that either diversity jurisdiction or federal question jurisdiction shall be present. Even when a court has subject matter jurisdiction over a matter, it may still decline to exercise jurisdiction over a declaratory action. *See* 28 U.S.C. § 2201(a) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491,

494 (1942). As the Supreme Court explained in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995),

> "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants....The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface. We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant.' When all is said and done, we have concluded that the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teaching and experience concerning the function and extent of federal judicial power."

*Wilton*, 515 U.S. at 286-87.

Thus, if a court has federal subject matter jurisdiction over a suit, it must still determine whether entertaining the action is appropriate. *See Supermicro Computer Inc. v. Digitechnic, S.A.*, 145 F.Supp.2d 1147, 1150 (N.D. Cal. 2001) and *E. & J. Gallo Winery v. Pernod Ricard USA, LLC*, 2006 WL 2849830, at *11 (E.D. Cal. 2006) (citing *Dizol*, 133 F.3d at 1223). The Ninth Circuit has provided various factors for a court to consider in making this determination:

> "The 'touchstone' factors are that a district court should 'avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation.' *See Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Those factors are not exclusive. Other factors that should be considered, depending on the circumstances, include 'whether the declaratory action will settle all aspects of the controversy' or 'whether the use of a declaratory action will result in entanglement between the federal and state court systems.' *Id.* at n. 5. In addition, a district court can also consider 'the convenience of the parties, and the availability and relative convenience of other remedies.' *Id.*

*Supermicro Computer Inc.*, 145 F.Supp.2d at 1150. In exercising jurisdiction in these circumstances, "the district court is required to articulate its rationale justifying its exercise of jurisdiction." *E. & J. Gallo Winery*, at *11 (citing to *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1107 (9th Cir. 2001) and *Dizol*, 133 F.3d at 1223).

////

-5-

In the present circumstances, these factors weigh heavily against this Court exercising jurisdiction. All of the issues present in the Complaint for Declaratory Relief require an examination of California state law and determination thereunder. Plaintiff's first cause of action seeks a judicial determination about the legality of the non-compete agreement under California Business & Professions Code § 16600 et seq. Under this statute and California law, covenants which contain improper restrictions relating to an employee's right to work violate the pubic policy of the state of California and are unenforceable. The first cause of action also seeks a determination about whether under California law there was adequate consideration for the agreement, and whether it is appropriate to apply the Minnesota choice of law provision. Plaintiff's second cause of action seeks a determination about whether under California law there was adequate consideration for the separation agreement and a finding that California law should be applied in resolving any dispute arising out of the agreement. Additionally, the second cause of action seeks a determination that the arbitration clause in the separation agreement is non-binding on the non-compete agreement, and that the arbitration clause is unenforceable because, under California law, it is procedurally and substantively unconscionable.

Moreover, removal to the federal courts will ensure that a California court is denied the opportunity to enforce California employment laws, all of which weigh heavily in favor of employees that all times during plaintiff's employment with defendant, plaintiff was a California resident and was performing his employment duties primarily in California. Defendant has thus "forum shopped" for the purpose of removing the matter from the pro-employee California state courts. It is thus axiomatic that under the Declaratory Judgment Act defendant's motion for removal was improper, and this matter should be remanded.

////

////

MOTION TO REMAND TO STATE COURT                                                          C-08-02137 PVT

**B. Assuming Arguendo that this Court Finds that Federal Jurisdiction is not Barred by the Declaratory Judgment Act, Removal is Inappropriate Because the Amount In Controversy Does not Exceed $75,000.00.**

Removal jurisdiction is entirely statutory and derives from the "necessary and proper" clause of the U.S. Constitution. U.S. Const. Art. ¶ 8. Here defendant seeks to remove based on diversity jurisdiction. Diversity jurisdiction, however, requires that the matter in controversy exceeds $75,000.00. 28 USC ¶1332(a).

Where a case has been removed on the basis of diversity jurisdiction, and the plaintiff moves to remand, the defendant has the burden of showing that diversity jurisdiction existed both at the time the action was commenced in state court and at the time of the removal. *Director RLA v. Cape Cod Biolab Corp.*, 2001 WL 1563710, (N.D. Cal. 2001.)

> "In determining whether the defendant has met that burden, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If the plaintiff's complaint fails to specify damages, or specifies damages in an amount less than the jurisdictional minimum, the Ninth Circuit requires that a defendant show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount".

*Director RLA* at 1 – 2. (Internal citations and quotations omitted.) Facts in support of the assertion that the amount in controversy is sufficient must be set forth in the removal petition. Id at 4. *See also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 401 (9th Cir. 1996) ("[I]n diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction: *[I]n cases brought in the federal court...[i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal....A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large*

Case 5:08-cv-02137-RMW   Document 11   Filed 05/27/2008   Page 8 of 9

amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) (emphasis in original).

In the instant case plaintiff's Complaint for Declaratory Judgment fails to allege damages that satisfy the jurisdictional minimum. To the contrary, plaintiff merely seeks a judicial declaration as to the enforceability of the agreements entered into between the parties. Defendant's removal petition does not show by any evidence, preponderance thereof or otherwise, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold. Defendant ignores this evidentiary requirement all together, and fails to establish that it is "more likely than not" that the amount exceeds $75,000.00. As such, this case should be remanded.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that this matter should be remanded to the Superior Court of the State of California, County of Santa Clara.

DATED: May 27, 2008

Respectfully submitted,

NIXON PEABODY LLP

By: _____
Lisa M. Chapman
Attorneys for Plaintiff
MICHEL GELINAS

MOTION TO REMAND TO STATE COURT                                C-08-02137 PVT

## PROOF OF SERVICE

I, the undersigned, certify that I am employed in the City of Palo Alto, County of Santa Clara, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 200 Page Mill Road, Palo Alto, CA 94306. On this date, I served the following document(s):

### MOTION TO REMAND TO STATE COURT

### REQUEST FOR JUDICIAL NOTICE

on the party stated below, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__: By First-Class Mail — I am readily familiar with this business's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Palo Alto, California, for mailing to the office of the addressee following ordinary business practices.

____: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

____: By Personal Service — I personally hand-delivered a copy to counsel of record.

____: By Facsimile — From facsimile number (650) 320-7701, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

| | |
|---|---|
| **Ann Taylor Schwing**<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, CA 95814-4692<br>Fax: 916-444-3249 | **Richard William Osen**<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, CA 95814-4692<br>Fax: 916-444-3249 |
| **Julie Ann Raney**<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, CA 95814-4692<br>Fax: 916-444-3249 | Attorneys for Defendants<br><br>The Bergquist Company |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 27, 2008, at Palo Alto, California.

_____
Anna D. Archer

Proof of Service  Case No.:
Gelinas v. The Bergquist Company