1  LARKIN HOFFMAN DALY & LINDGREN Ltd.
2  BRUCE J. DOUGLAS (*Pro Hac Vice,* SBN 23966MN)
   WILLOW J. NAJJAR (*Pro Hac Vice,* SBN 320948MN)
3  1500 Wells Fargo Plaza
   7900 Xerxes Avenue South
4  Minneapolis, MN 55431-1194
   Phone: 952.896.1569
5  Fax:    952.842.1717
6
   Attorneys for Defendant THE BERGQUIST COMPANY
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11  MICHEL GELINAS,                      )   NO. 08-CV-02137 (PVT)
                                         )
12                   Plaintiff,          )
                                         )
13       v.                              )   **NOTICE OF MOTION AND
                                         )   MOTION TO DISMISS OR IN THE
14  THE BERGQUIST COMPANY,               )   ALTERNATIVE TRANSFER OR
                                         )   STAY PROCEEDINGS**
15                   Defendant.          )
                                         )   **DATE:      JULY 29, 2008
16                                       )   TIME:      10:00 A.M.
                                         )   DEPT:      COURTROOM 4TH FL.**
17                                       )
                                         )
18                                       )
                                         )
19

20       **PLEASE TAKE NOTICE** that Defendant The Bergquist Company, hereby

21  moves the Court for an order dismissing the above-entitled action.

22       The Motion is based upon the ground, among others, that there is a previously

23  filed action involving the same Plaintiff and Defendant named in this action, and the same

24  subject matter, currently pending in the United States District Court for the District of

25  Minnesota in the action:  *The Bergquist Company v. Michel Gelinas*, Court File No. 08-CV-

26

MOTION TO DISMISS - 1

1  00569.  Because the Minnesota action was first filed and concerns the same parties and subject

2  matter as this case, Defendant respectively requests that this action be dismissed, stayed, or

3  transferred to the District of Minnesota.

4      This Motion is supported by the following Memorandum of Points and

5  Authorities and Declaration of Bruce J. Douglas, filed herewith.

6

7  **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR IN
THE ALTERNATIVE TRANSFER OR STAY PROCEEDINGS**

8  / / /

9  / / /

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26

MOTION TO DISMISS - 2

1103146v1 29501/0004

1

2

3

**TABLE OF CONTENTS**

4

TABLE OF AUTHORITIES ................................................................................. 4

5

INTRODUCTION ............................................................................................. 5

6

I.     PROCEDURAL HISTORY ..................................................................... 5

7

    A.     The Minnesota Federal Court Action ...................................... 5

8

    B.     The California State Court Action and Removal to this Court ...................... 6

9

    C.     The National Arbitration Forum Proceeding ................................ 6

10

II.     FACTUAL BACKGROUND ................................................................... 7

11

III.     LANGUAGE OF THE AGREEMENTS ................................................. 8

12

    A.     The Parties Entered Into A Non-Competition, Non-Solicitation, And
Confidentiality Agreement Providing That the Choice of Law Shall Be
Minnesota Law. ............................................................................. 9

13

14

    B.     The Parties Entered into a Separation Agreement and General
Release Providing That All Matters Arising From the Agreement Be
Arbitrated In Minnesota. ................................................................ 9

15

16

17

IV.     ARGUMENT -- THE MATTERS BEFORE THIS COURT SHOULD BE
DISMISSED BECAUSE THE MINNESOTA ACTION IS THE FIRST-
FILED ACTION. ......................................................................... 11

18

19

    A.     The First-Filed Rule is a Sensible Rule Designed to Promote the
Orderly and Speedy Resolution of Disputes and to Avoid Redundant
Actions. .......................................................................................... 11

20

21

    B.     This Action is a Blatant Effort to Engage in Forum Shopping and
Should Not Be Permitted to Take Precedence Over the First-Filed
Action. ............................................................................................ 13

22

23

24

25

26

MOTION TO DISMISS - 3

1

2

# TABLE OF AUTHORITIES

3

**CASES**

4

*Church of Scientology of Calif. v. U.S. Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979).......... 11

5

*Crawford v. Bell*, 599 F.2d 890 (9th Cir. 1979)........................................................................ 12

6

*Great N. Ry. Co. v. National R.R. Adjustment Bd.*, 422 F.2d 1187 (7th Cir. 1970).................... 11

7

*Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952) ................ 13

8

*Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) ................................... 11

9

*SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081 (S.D. Cal. 2002) ..................... 12, 13

10

*Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006)........................ 14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## INTRODUCTION

This matter is before the Court on the Defendant's Motion to Dismiss the action on the ground that there is a previously filed action between these parties concerning the same subject matter pending in the U.S. District Court for the District of Minnesota. Additionally, the parties have submitted this dispute for resolution in accordance with the applicable Rules of the National Arbitration Form in Minneapolis. Defendant respectfully requests that this Court apply the first-filed rule to dismiss this action. Alternatively, Defendant requests the Court to transfer this action to the District of Minnesota, or stay proceedings until the matters are resolved in arbitration pursuant to the parties' agreement.

## I. PROCEDURAL HISTORY

### A. The Minnesota Federal Court Action

On February 28, 2008, The Bergquist Company ("Bergquist") commenced an action in the U.S. District Court for the District of Minnesota seeking to compel Michel Gelinas ("Gelinas") to proceed to arbitration to enforce its Non-Competition, Non-Solicitation, and Confidentiality Agreement and to stay any other court proceedings that he might commence, file number 08-CV-00569-DWF-JJK. Declaration of Bruce J. Douglas ("Douglas Decl.") ¶ 2, Exh. A.

On March 27, 2008, Bergquist mailed to Gelinas, pursuant to Fed. R. Civ. P. 4, a copy of the Complaint in the Minnesota action and a Waiver request (Fed. R. Civ. P. Form 6). Gelinas received the Complaint and Waiver request on April 1, 2008. See Douglas Decl. ¶ 3, Exh. B. However, Gelinas did not return the Rule 4 Waiver and, despite a request made to his counsel that Gelinas or his counsel accept service, Bergquist received no response. The Summons and Complaint in the Minnesota action were served personally upon Gelinas on May 13, 2008. Douglas Decl. ¶ 4, Exh. C. Gelinas has appeared in that action and requested an Extension of time to Answer the Complaint.

MOTION TO DISMISS - 5

On June 4, 2008, Bergquist filed in the District of Minnesota its Motion to Compel Arbitration and supporting papers. Douglas Decl. ¶ 5, Exh. D. A hearing on the Motion to Compel Arbitration is scheduled to be heard by the federal court in Minnesota on July 18, 2008. Douglas Decl. ¶ 6, Exh. E.

**B.    The California State Court Action and Removal to this Court**

Meanwhile, on March 27, 2008, Gelinas filed an action in Superior Court of California, Santa Clara County, file number 108CV109164. On April 24, 2008 Bergquist timely removed that action to this Court. See Docket No. 1. Gelinas' Complaint in this action seeks to declare the parties' agreements unenforceable. Gelinas has filed in this Court a Motion to Remand the action to the state court. That Motion is scheduled for hearing on July 29, 2008. See Docket No. 13.

**C.    The National Arbitration Forum Proceeding**

On February 28, 2008, Bergquist also filed a demand for arbitration at the National Arbitration Forum ("NAF"). Douglas Decl. ¶ 7, Exh. F. On March 18, 2008, the NAF accepted the case. Douglas Decl. ¶ 8, Exh. G. Bergquist promptly notified Gelinas of the arbitration demand.

On May 5, 2008, Gelinas filed his Response at the NAF in Minneapolis, Minnesota. Douglas Decl. ¶ 9, Exh. H. In his Response, Gelinas asserts essentially the same arguments that he makes in this action. Gelinas also filed a Counterclaim at the NAF in Minneapolis, Minnesota where he argues to the merits of the case asserting that he is entitled to $92,6178.40 in unpaid bonuses, commissions, and wages. *Id.*

On May 15, 2008, Gelinas requested that the NAF stay its proceedings pending the outcome of this case. Douglas Decl. ¶ 10, Exh. I. In a letter dated May 20, 2008, the NAF informed the parties that it had stayed the arbitration proceedings. Douglas Decl. ¶ 11, Exh. J.

MOTION TO DISMISS - 6

Nevertheless, both Gelinas and Bergquist are pursuing relief in the arbitral forum and have requested a participatory hearing.  Douglas Decl. ¶12, Exh. K.

## II. FACTUAL BACKGROUND

Plaintiff Michel Gelinas ("Gelinas") is a citizen of the State of California. Defendant The Bergquist Company ("Bergquist") is a Minnesota corporation having its principal place of business in Minnesota.  Bergquist is in the business of manufacturing and supplying thermal management products and other products.  Douglas Decl.¶ 2, Exh. A.

On April 12, 2004, Bergquist extended an offer of employment to Gelinas as a Regional Sales Manager at an annual base salary of $115,000.  Douglas Decl. ¶ 13, Exh. L. The offer stated that Gelinas' total compensation would be $140,000 per annum including bonuses.  *Id.*  Contemporaneously with the acceptance of the offer and commencement of employment with Bergquist, Gelinas signed a Non-Competition, Non-Solicitation, and Confidentiality Agreement ("Non-Compete Agreement") dated by him April 27, 2004. Douglas Decl. ¶ 14, Exh. M.  The Non-Compete Agreement provides that it "should be interpreted and enforced in accordance with the laws of the State of Minnesota, without regard to its choice of law principles or rules."  *Id.*

On or about May 4, 2004, Gelinas commenced employment with Bergquist as a Regional Sales Manager.  Douglas Decl. ¶ 14, Exh. M.  During the course of Gelinas' employment with Bergquist, he was responsible for a territory that included Oregon, Washington, California and parts of Canada.  Douglas Decl. ¶ 13, Exh. L.

On October 23, 2007, Bergquist proposed a binding Separation Agreement and General Release ("Separation Agreement").  Douglas Decl. ¶ 15, Exh. N.  The Separation Agreement stated that both parties agreed to end Gelinas' employment relationship on an amicable basis.  *Id.*  The Separation Agreement contains, *inter alia*, a provision that reaffirms Gelinas' Non-Compete Agreement, a provision that the governing law is Minnesota law, and

MOTION TO DISMISS - 7

an agreement to arbitrate any "controversy or claim arising out of or relating to this Agreement, or its breach, or to the employment relationship between the Employee and the Company, shall be settled by final and binding arbitration, upon the request of either party, in Minneapolis, Minnesota." *Id.* at sections 4 and 6.

Shortly thereafter, on or about December 5, 2007, Gelinas accepted a position with Bergquist's direct competitor, Laird Technologies, Inc.  Complaint ¶ 15.  On February 5, 2008, Bergquist's legal counsel informed Gelinas of the claimed breach of the parties' Non-Compete Agreement and Separation Agreement and requested that he refrain from any activities in violation thereof.  Douglas Decl. ¶ 2, Exh. A.  Gelinas was unresponsive to the request.  *Id.*  Therefore, in accordance with the parties' agreement, Bergquist commenced an arbitration proceeding at the NAF and also filed an action in the U.S. District Court for the District of Minnesota seeking to compel arbitration.

## III. LANGUAGE OF THE AGREEMENTS

The parties are signatories to two written agreements that, in combination, require this matter to be heard in Minnesota and decided under Minnesota law.  First, the Non-Compete Agreement contains a provision stating that any and all disputes concerning their business dealings be resolved in accordance with Minnesota law.  Second, the Separation Agreement reaffirms the Non-Competition Agreement and specifically provides that any claim relating to the employment relationship shall be conducted under the Rules of the NAF in Minneapolis, Minnesota.

MOTION TO DISMISS - 8

1103146v1 29501/0004

**A.    The Parties Entered Into A Non-Competition, Non-Solicitation, And Confidentiality Agreement Providing That the Choice of Law Shall Be Minnesota Law.**

Prior to commencing employment with Bergquist, the parties entered into the Non-Compete Agreement.  Douglas Decl. ¶ 14, Exh. M.  The Non-Compete Agreement states:

> 14.    **Applicable law.**  This Agreement should be interpreted and enforced in accordance with the laws of the State of Minnesota, without regard to its choice of law principles or rules.

Douglas Decl. ¶ 14, Exh. M.

**B.    The Parties Entered into a Separation Agreement and General Release Providing That All Matters Arising From the Agreement Be Arbitrated In Minnesota.**

On November 26, 2007, Gelinas executed a Separation Agreement and General Release.  Douglas Decl. ¶ 15, Exh. O.  The Separation Agreement stated that Gelinas was to continue to comply with the terms of the Non-Compete, Non-Solicitation, and Confidentiality Agreement executed on May 3, 2004:

> 4.    You will continue to comply with the terms of the Non-Compete, Non-Solicitation and Confidentiality Agreement between you and the Company, executed on May 3, 2004, and know and understand that the obligations contained in that Agreement survive execution of this Agreement and your termination of employment.  In particular, you shall not disclose any confidential or proprietary information (specifically including pricing, margins, key customer contracts and their profiles not generally known to the public) which you acquired as an employee of the Company to any other person or entity, or use such information in any manner that is detrimental to the interest of the Company.  A copy of your Confidentiality Agreement is attached as Exhibit A.

MOTION TO DISMISS - 9

1103146v1 29501/0004

The Separation Agreement also contains the following arbitration provision:

6.     Any controversy or claim arising out of or relating to this Agreement, or its breach, or to the employment relationship between the Employee and the Company, shall be settled by final and binding arbitration, upon the request of either party, in Minneapolis, Minnesota.  Such arbitration shall proceed in accordance with the then governing rules of the National Arbitration Forum (NAF).  Judgment upon the award rendered may be entered and enforced in any court of competent jurisdiction.  It is agreed that the parties shall choose a single, neutral arbitrator from among a panel of not less than seven (7) proposed arbitrators, and that the parties may have no more than two (2) panels of arbitrators presented to them by the NAF.  The parties agree that they shall each bear their own costs associated with the arbitration, including any filing fee to be paid by them and their own legal counsel expenses.  The parties further agree that they shall share equally in the reasonable costs and the fees of the neutral arbitrator.

The Separation Agreement also provided:

2.c.    In exchange for the promises contained in this Agreement and release of claims as set forth below, and provided that you sign this Agreement and return it to me by forty-five (45) days from the date of this Agreement is delivered to you on or by December 5, 2007, whichever is later, and do not revoke this Agreement:

(1)    The Company will pay the year-end payout for RSM NA Sales Incentive Compensation (which includes the Revenue, Design-Win and IPO components) to be paid in a single payment after financial audit on or about the 3rd week of December, after this Agreement is signed, and upon the expiration of all applicable revocation periods stated in this Agreement.

Douglas Decl. ¶ 15, Exh. N.  The policy states in relevant part that "if an employee voluntarily resigns or is terminated for performance related issues of for cause prior to the last day of the Plan Year, the award is forfeited."  Douglas Decl. ¶ 16, Exh. O (redacted).

MOTION TO DISMISS - 10

Thus, this dispute involves the application, interpretation or construction of two written agreements between the parties which, taken together, require that all disputes relating to Gelinas' former employment relationship with Bergquist and his post-employment activities be arbitrated in accordance with the Rules of the National Arbitration Forum in Minneapolis, Minnesota. Indeed, both parties recognize the existence and requirements of the arbitration clause as both Bergquist and Gelinas have filed affirmative claims for relief with NAF.

## IV. ARGUMENT -- THE MATTERS BEFORE THIS COURT SHOULD BE DISMISSED BECAUSE THE MINNESOTA ACTION IS THE FIRST-FILED ACTION.

Because the Minnesota action is the first-filed action, principles of judicial comity and economy require that the issues raised by Gelinas in this action be dismissed. Both actions involve, at their core, a dispute within the scope of the arbitration provision. The action filed in the Minnesota U.S. District Court merely seeks to preserve the status quo, to protect the integrity of the arbitral process, and to compel arbitration in accordance with the terms of the parties' agreements. In short, Gelinas should not be allowed to preempt the arbitral process by filing this action, especially when he is, simultaneously, pursuing a claim for monetary relief in the arbitral forum.[1]

### A.    The First-Filed Rule is a Sensible Rule Designed to Promote the Orderly and Speedy Resolution of Disputes and to Avoid Redundant Actions.

The Ninth Circuit recognizes the doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Church of Scientology of Calif. v. U.S. Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979); *Great N. Ry. Co. v. National R.R. Adjustment Bd.*,

---

[1]    Gelinas has filed a counterclaim for some $92,000 under the same agreement in the NAF in Minnesota.

MOTION TO DISMISS - 11

1    422 F.2d 1187, 1193 (7th Cir. 1970); *see also*, *SAES Getters S.P.A. v. Aeronex, Inc.*, 219

2    F. Supp. 2d 1081 (S.D. Cal. 2002).

3           As the Ninth Circuit has observed, the "purpose of the comity principle is of

4    paramount importance.  The doctrine is designed to avoid placing an unnecessary burden on the

5    federal judiciary and to avoid the embarrassment of conflicting judgments."  *Church of*

6    *Scientology*, *supra* at 750 (citing *Great N. Ry. Co. v. National R.R Adjustment Board*, *supra*).

7    In *Church of Scientology*, *supra*, the Ninth Circuit reaffirmed the validity and utility of the

8    first-filed rule:

9
                   We emphasize that the "first to file" rule normally serves the
10                 purpose of promoting efficiency well and should not be
                   disregarded lightly.
11
     *Id.* at 750.[2]  The Ninth Circuit has long adhered to the policy considerations favoring deference

12   to the first-filed action:

13
                   . . . increasing calendar congestion in the federal courts makes it
14                 imperative to avoid concurrent litigation in more than one forum
                   whenever consistent with the rights of the parties.  A court may
15                 choose not to exercise its jurisdiction when another court having
                   jurisdiction over the same matter has entertained it and can achieve
16                 the same result.

17   *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

18           It cannot be disputed that the first action filed involving these parties and these

19   agreements was filed by Bergquist in the U.S. District Court for the District of Minnesota.

20   That action was commenced by filing of the complaint on February 28, 2008.  Douglas

21   Decl. ¶ 2, Exh. A.  This action, originally filed in the Superior Court of Santa Clara County,

22   according to the Court's file-stamp on the face of the complaint, was filed 28 days later on

23

24   _____

     [2]      In that case, the Court decided to "overlook the 'first to file' rule" only because a federal district
25   court in the District of Columbia had not, improperly in the view of the Ninth Circuit, deferred to the
     Central District of California, and the litigation was by then fairly advanced in the District of Columbia.
26


MOTION TO DISMISS - 12

1  March 27, 2008.  The federal court in Minnesota acquired subject matter jurisdiction over this

2  dispute on February 28, 2008.  Thus, under the general rule according priority to the federal

3  court in which jurisdiction first attached, this Court should defer to the U.S. District Court for

4  the District of Minnesota and dismiss this action.[3]

5       Furthermore, the cases involve the same parties and issues.  The identity of the

6  parties and the subject matter of parallel federal actions need not be identical in order for the

7  first-filed rule to be applicable.  See *Crawford v. Bell,* 599 F.2d 890, 892-93 (9th Cir. 1979)

8  (individual action dismissed where plaintiff was class member in pending class action).

9  Federal courts have recognized that the comity considerations of the first-filed rule require only

10 that the two actions be "substantially identical."  *SAES Getters S.P.A. v. Aeronex, Inc.*, 219

11 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002).  Here, it is undisputed that the parties are identical

12 and that the dispute arises out of the identical contracts.

13      In this case, it is clear that the Minnesota action is the first-filed action and the

14 cases involve the same parties and issues.  Moreover, the Minnesota action, unlike this action,

15 is not a preemptive suit.  In fact, the Minnesota action promotes the parties' intent as expressed

16 in their agreements that all disputes between them relative to Gelinas' employment with

17 Bergquist would be arbitrated in Minneapolis, Minnesota.  Accordingly, the equitable and

18 sensible principles that underlie the first-filed rule favor dismissing this action.

19  **B.    This Action is a Blatant Effort to Engage in Forum Shopping and Should Not
20        Be Permitted to Take Precedence Over the First-Filed Action.**

21      In line with the Supreme Court's decision in *Kerotest Manufacturing Co. v. C-

22 O-Two Fire Equipment Co.*, 342 U.S. 180 (1952), a review of the relevant factors demonstrates

23  _____

24  [3]    The only other alternatives available to this Court are (1) staying this action until completion of
    the Minnesota action and the underlying arbitration proceeding or (2) transferring this action to the
25  federal district court in Minnesota under 28 U.S.C. § 1404.  *See Cedars-Sinai Medical Center v. Shalala*,
    125 F.3d 765, 768-69 (9th Cir. 1997).

26

MOTION TO DISMISS - 13

1   why this Court should defer to the District of Minnesota action. The Court may consider such

2   factors as whether the first-filed action is merely anticipatory in nature, intended to win the

3   "race to the courthouse," or would otherwise impose an unfair burden on Bergquist in the first

4   action. None of the exceptions to the first-filed rule, however, apply in this case. Indeed,

5   properly viewed, the action commenced in this Court by Gelinas is precisely the type of

6   preemptive lawsuit frowned upon by the federal courts as forum shopping. *See Xoxide, Inc. v.*

7   *Ford Motor Co.,* 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006).

8           The suit commenced by Bergquist in the U.S. District Court for the District of

9   Minnesota is intended to preserve and protect the integrity of the arbitral process. It seeks

10  neither declaratory relief nor substantive relief on the merits. Nor does the Minnesota action

11  represent an effort by Bergquist to preempt Gelinas' choice of forum or to engage in forum

12  shopping. Indeed, the outcome sought by Bergquist in the Minnesota action is the enforcement

13  of the arbitration agreement that underlies the parties' dispute and a bar to external proceedings

14  that would undermine it. If a federal court in any district were to enforce the arbitration

15  agreement according to its plain terms, the arbitration proceeding and any related judicial

16  proceedings would take place in Minnesota.

17          By contrast, Gelinas's action commenced in this Court is intended to do

18  precisely the opposite. It seeks to wrest jurisdiction of the dispute from the arbitrator and to

19  transplant it into a federal court in California. Moreover, Gelinas's Complaint in this action

20  seeks not to promote or protect the integrity of the arbitral process, rather it seeks to avoid it

21  entirely. Gelinas's action will result in concurrent litigation in two federal forums involving

22  the same parties and subject matter. Gelinas's later-filed Complaint is inconsistent with the

23  principles of judicial economy and comity and serves only to increase the burden on the federal

24  courts and both parties.[4]

25  _____

    [4]     Any matters that Plaintiff desires to raise under Section 1404(a) are appropriately addressed to the
26  Court in the first filed action. *Pacesetter Systems, supra.* at 96.


MOTION TO DISMISS - 14

1

## CONCLUSION

2

Gelinas's efforts to avoid arbitration and his improper attempt to evade his

3

obligations under the parties' agreement to arbitrate should not be permitted.  This Court

4

should apply the first-filed rule and dismiss this action.  Gelinas has filed a counter-claim in

5

arbitration.  Moreover, if he has objections to the arbitral process, he may address his concerns

6

to the U.S. District Court for the District of Minnesota, where this action was first filed.

7

Alternatively, Defendant respectfully requests this Court to transfer the action to Minnesota, or

8

stay proceedings until the matters are resolved in accordance with the parties' agreement.

9

10

Dated:  June 6, 2008                        _____/s/ Julie Raney_____
                                             Richard Osen (SBN 042566)

11                                           Julie A. Raney (SBN 176060)
                                             Ann Taylor Schwing (SBN 91914)

12                                           McDONOUGH HOLLAND & ALLEN PC
                                             Attorneys at Law

13                                           555 Capitol Mall, 9th Floor
                                             Sacramento, CA  95814

14                                           Phone: 916.444.3900
                                             Fax:  916.444.8334

15

16                                           and

17

                                             Bruce J. Douglas (*Pro Hac Vice,* SBN 23966MN)

18                                           Willow J. Najjar (*Pro Hac Vice,* SBN 320948MN)
                                             LARKIN HOFFMAN DALY & LINDGREN Ltd.

19                                           1500 Wells Fargo Plaza
                                             7900 Xerxes Avenue South

20                                           Minneapolis, Minnesota  55431-1194
                                             (952) 835-3800

21

22                                           ATTORNEYS FOR DEFENDANT
                                             THE BERGQUIST COMPANY

23

24

25

26

MOTION TO DISMISS - 15

1103146v1 29501/0004

1
2

**<u>CERTIFICATE OF SERVICE</u>**

3
4

     I certify that on <u>June 6, 2008</u>, I caused to be mailed a copy of the Notice of

5

Motion and Motion to Dismiss by U.S. Mail, postage prepaid, upon counsel of record for

6

Plaintiff whose address is as follows:

7
8

     Lisa Chapman, Esq.
     Nixon Peabody, LLP
     200 Page Mill Road, Suite 200
     Palo Alto, CA  94306

9
10
11

                            /s/ Beba Maletic-Arsov
                            BEBA MALETIC-ARSOV

12
13
14

1198202.1

15
16
17
18
19
20
21
22
23
24
25
26

MOTION TO DISMISS - 16