Lisa M. Chapman (SBN #118113)
Erin M. Adrian (SBN #228718)
NIXON PEABODY LLP
200 Page Mill Road, Second Floor
Palo Alto, CA  94306-2022
Telephone: (650) 320-7700
Fax:  (650) 320-7701

Attorney for Plaintiff
MICHEL GELINAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL GELINAS, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>THE BERGQUIST COMPANY, a Minnesota corporation, and DOES 1 – 20, inclusive,<br><br>            Defendants. | Case No.: C-08-02137 PVT<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

## I.     INTRODUCTION

This declaratory judgment action is about determining that California employment laws, including Business and Professions Code § 16600 et seq., apply to a California employee who performed substantially all of his job responsibilities within the State of California.  Defendant the Bergquist Company ("Defendant" or "Bergquist") accuses Plaintiff Michel Gelinas of "forum shopping." In reality, the opposite is true. Here Defendant is ultimately asking this Court to force a California resident and employee to travel to Minnesota to litigate a covenant not to compete that is entirely uneforecable under California law.  Defendant admits that, by removing this action to the Northern District of California, it intends to have the action transferred to federal court in Minnesota.

In doing so, it will deny the California courts the opportunity to ensure that the state's strong policy in favor of freedom of movement in employment is enforced.[2] This Court has the discretion to remand the instant case to state court to ensure that important California laws and public policies are applied to a citizen of this state, and it should accordingly exercise that discretion by granting the instant motion to remand.

## II.   ARGUMENT

**A.   Assuming, *Arguendo*, this Court has Diversity Jurisdiction, the Court can and Should Decline to Exercise Jurisdiction Over This Matter**

Principles of comity and federalism afford the federal courts discretion to refrain from hearing cases based on "scrupulous regard for the rightful independence of the state governments." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730-731, 116 S.Ct. 1712, 1723 (1996) (quoting *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500-501, 61 S.Ct. 643, 645 (1941).[3] While circumstances for such abstention are narrow and carefully defined, federal courts should not exercise jurisdiction when vital state interests are at stake. *Quackenbush, supra*, 517 U.S. at 728. The instant case does in fact concern a matter of vital state interest, and accordingly this Court should refrain from exercising jurisdiction and remand the matter to Superior Court.

Business & Professions Code § 16600 renders covenants not to compete unenforceable in California. California courts have consistently declared that this provision is an expression of public policy to ensure that citizens shall retain the right to pursue any lawful employment and enterprise of

---

[1] By omission defendant misleads the court about the nature of the action pending in the federal court in Minnesota. That action merely involves a motion to compel arbitration, and no substantive claims have been asserted therein by either party. As such, consolidation is unlikely. Moreover, a motion to dismiss is pending in the federal court action in Minnesota, and is scheduled to be heard on August 9, 2008. Plaintiff contends that in the near future it is highly conceivable that the federal action in Minnesota will be dismissed.

[2] Whereas employee covenants not to compete are, with the exception of the sale of a business, deemed unenforceable in California, Minnesota statutes and case law overwhelmingly sanction covenants not to compete.

[3] For the reasons set forth in Plaintiff's moving papers, Defendant's analysis of the factors set forth in *Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942)* and its progeny, all of which involve insurance related matters and coverage disputes, should be disregarded. Defendant's assertions to the contrary, this law suit seeks merely seeks a declaration that the covenant not to compete is unenforceable in California. Moreover, there is no requirement that there be a parallel state court proceeding (see *Government Authorities Ins. Co. v. Dizol*, 133 F.3d 1220, at 1222 (1998).)

REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

their choice. *Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal.App.4th 853, 859, 27 Cal.Rptr.2d 573, 577 (1994). Further, the interests of employees in their own mobility and betterment are deemed paramount to the competitive business interests of employers, where neither the employee nor his or her new employer has committed any illegal act accompanying the employment change. *D'sa v. Playhut, Inc.*, 85 Cal.App.4th 927, 933, 102 Cal.Rptr.2d 495, 499 (2000). The state's public policy interest underlying § 16600 is so strong that courts have held the section overrides any contractual provision designating another state's law as controlling as to the validity of a noncompete clause. *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881, 902, 72 Cal.Rptr.2d 73, 86 (1998); *Scott v. Snelling & Snelling, Inc.*, 732 F.Supp. 1034, 1039-1040 (N.D. Cal. 1990). The abstention doctrine is designed to allow federal court judges to defer to the state court when exactly this type of important state law issue arises. Accordingly, this case should be remanded to the Superior Court.

      Defendant accuses Plaintiff of forum shopping. In fact, it is Berquist that is engaged in forum shopping to avoid the state's strong policy that does not run in its favor. Defendant hired an employee in California, conducted business in California, and in general availed itself of the benefits of California law. Now, though, it attempts to enforce agreements contrary to the state's public policy by adjudicating them in an alternate forum that will not afford the same deference to California's public policy positions, or protect a California's citizen's right to free employment.

      Defendant's primary argument that Plaintiff is "forum shopping" is that the California Superior Court action was filed after Defendant filed its action in Minnesota, and indeed Defendant consistently refers to the California Superior Court action as "later-filed." What Defendant fails to mention, however, is that the summons and complaint in the Minnesota federal action were not served on Gelinas until May 13, 2008, nearly two months after Plaintiff initiated the California Superior Court action. (Request for Judicial Notice, Ex. A, Summons and Affidavit of Service.) Plaintiff did not simply ignore Defendant's notice that it considered Plaintiff to be in breach of their agreements, he filed the California Superior Court action to enforce his rights as a California employee. Defendant's Minnesota complaint had not even been served, and thus the initiation of the California Superior Court action could not have been a "reactionary measure." Defendant's

recitation of the facts appears deliberately twisted to divert attention from the fact that it is Bergquist that has attempted to avoid any downsides of employing California residents by demanding impermissible covenants not to compete and attempting to enforce them out of state.

Based on the foregoing, the instant motion to remand to the Superior Court should be granted.

**B.  This Court Does not Have Diversity Jurisdiction Because the Amount in Controversy Requirement is not Satisfied**

Defendant's argument that the amount in controversy requirement for diversity jurisdiction is satisfied by damages it intends to claim is fatally flawed. In the 9th Circuit, the amount in controversy is determined without regard to any setoff or counterclaim to which a defendant may be entitled. See *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977); cf. *Spectacor Management Group v. Brown*, 131 F.3d 120, 121 (3d Cir. 1997) (holding that defendant's counterclaim was part of the "amount in controversy" for diversity jurisdiction). The position that any claims a defendant may have are not considered for purposes of determining the amount in controversy is consistent with the idea that diversity is determined at the outset of the complaint. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938) (holding that the amount in controversy is determined from the allegations or prayer of the complaint); see also *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) (holding that diversity is determined at the commencement of the action, and later events generally do not affect diversity jurisdiction). Thus, the fact that Bergquist claims to have suffered hundreds of thousands of dollars in damages is of no moment in determining the amount in controversy or the existence of diversity jurisdiction.

When the complaint does not supply the fact that the amount in controversy is satisfied, the notice of removal must supply sufficient allegations of this fact. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). Defendant's only assertions regarding the amount in controversy in its notice of removal relate to Bergquist's own damages. Since Defendant's damages are irrelevant to the determination, as discussed above, the notice of removal has not properly stated all facts necessary to support removal and is therefore defective. Moreover, Defendant's alternative argument, that Plaintiff has alleged damages in the Minnesota arbitration meeting the amount in controversy, is also without merit. First, these claims were not stated in Defendant's notice of

-4-

-5-

removal, as required.  Second, these claims of damages, by Defendant's admission made on May 2, 2008, were made after the Superior Court complaint was filed and after the notice of removal was filed.  As noted above, the amount in controversy is determined at the time the complaint is filed.  Third, the damage allegations made in the arbitration proceeding were made in the spirit of a compulsory counterclaim.  It is evident from the papers supporting and opposing this motion that there is disagreement among the parties as to the proper forum to adjudicate this matter.  Regardless of Plaintiff's belief that the Minnesota arbitration is improper, those proceedings were moving forward and he had little choice but to file a response and counterclaim or waive any defenses and claims he might have against Bergquist.

Based on the foregoing, Defendant has not sufficiently established diversity jurisdiction and this matter should be remanded to the Superior Court.

### III.   CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that this matter should be remanded to the Superior Court of the State of California, County of Santa Clara.

DATED:  July 15, 2008                         Respectfully submitted,

                                              NIXON PEABODY LLP


                                              By: /s/ Lisa M. Chapman
                                                  Lisa M. Chapman
                                                  Attorneys for Plaintiff
                                                  MICHEL GELINAS